ALLIANCE MACHINE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12506. Promulgated July 5, 1928.

*Jesse I. Miller, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioner claims that: (1) Assessment and collection of the deficiency asserted herein are barred by the statute of limitations, and (2) that the respondent erred in computing a tentative tax for 1919 and adjusting earned surplus accordingly. Both of the petitioner's claims are denied by the respondent.

The petitioner invokes the aid of section 277 (a) (3) of the Revenue Act of 1926, which is as follows:

SEC. 277. (a) Except as provided in section 278—

\* \* \* \* \* \* \*

(3) The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

The section of law just quoted is subject to certain exceptions, set forth in section 278 of the Act. Paragraph (c) of that section reads:

(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

A written consent signed by both the petitioner and the respondent was executed December 2, 1924, some three and one-half months before the statute of limitations would have run, and it extended the period for assessment until March 15, 1926. The deficiency letter herein was mailed to the petitioner on February 18, 1926, and the petition was filed on March 15, 1926. Since the deficiency letter was mailed to the petitioner before the expiration of the period for assessment as extended by the written consent, the period within which assessment may be made is further extended by section 277 (b) of the Revenue Act of 1924 and section 277 (b) of the Revenue Act of 1926. It follows that the assessment and collection of the deficiency are not barred by the statute of limitations.

The second question challenges the propriety of the respondent's method of determining the alleged deficiency. The same question

was before this Board in *L. S. Ayers & Co.*, 1 B. T. A. 1135, and *All America Cables, Inc.*, 10 B. T. A. 213   On the authority of those decisions the Commissioner is reversed on this point.

The tax should be recomputed in accordance with this opinion.

*Judgment will be entered under Rule 50.*